**DE JIE ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–5174–ag.

United States Court of Appeals, Second Circuit.

Aug. 31, 2007.

Joan Xie, New York, NY, for Petitioner.

Charles T. Miller, United States Attorney for the Southern District of West Virginia, Fred B. Westfall, Jr., Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner De Jie Zheng, a citizen of the People's Republic of China, seeks review

of an October 18, 2006, order of the BIA affirming the August 20, 2004, decision of Immigration Judge ("IJ") Noel A. Ferris denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re De Jie Zheng*, No. A77 654 528 (B.I.A. Oct. 18, 2006), *aff'g* No. A77 654 528 (Immig. Ct. New York City, Aug. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

Here, the adverse credibility finding was supported by substantial evidence. The IJ relied upon a "dramatic" discrepancy regarding the date that Zheng purportedly discovered his girlfriend's pregnancy. *See Majidi,* 430 F.3d at 81. At his credible fear interview in March 2000, Zheng testified that he had found out his girlfriend was pregnant "[a]bout 2 months ago." At his merits hearing, however, Zheng testified that his girlfriend had become pregnant in September 1998. This discrepancy was substantial when measured against the record as a whole. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005) (per curiam). Zheng attempted to explain this discrepancy at the merits hearing by stating that what he had actually said at the credible fear interview was that he had found out about his girlfriend's pregnancy after she had been pregnant for two months. However, a reasonable adjudicator would not be compelled to accept this explanation, especially in light of the fact that Zheng made other statements during the credible fear interview consistent with the claim that he had found out his girlfriend was pregnant "two months ago." *See Majidi,* 430 F.3d at 80–81.

In addition, Zheng's explanation was further undercut by an implausibility the IJ identified—that the statement in Zheng's amended I–589 form indicated that he did not find out that his girlfriend had been forcibly aborted until after his arrival in the United States. While "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). Accordingly, "[s]o long as an inferential leap is tethered to the evidentiary record, [this Court] will accord deference to the finding." *Id.* at 169. The IJ reasonably found it implausible that Zheng learned of his girlfriend's pregnancy in September 1998 but did not learn of his girlfriend's abortion until after he went to the United States 18 months later, given that his girlfriend's pregnancy would have come to a conclusion almost a year before he left China, even without government intervention.

The IJ also drew an adverse inference as to Zheng's credibility from his failure to

present family members to testify on his behalf, even though his brother, who Zheng claimed was legally in the United States, lived in Brooklyn. While an applicant need not always provide corroboration, "[t]he weaker an applicant's testimony, the greater the need for corroborative evidence." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 150 (2d Cir.2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296 (2d Cir. 2007); *see also Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000) (noting that "corroboration may bolster credibility"). The record shows that at several hearings that preceded the final hearing on the merits, the IJ expressed doubts as to Zheng's identity and warned Zheng's counsel that further evidence of his identity, such as the testimony of relatives, would be expected. At the merits hearing, Zheng's counsel acknowledged that Zheng's brother and sister both had legal status in the United States but said "[t]hey don't want to come." The only explanation Zheng offered for his brother's failure to testify on his behalf was that his brother was "very busy today" and had a job. As Zheng was on notice that further corroboration of his identity was expected, the IJ reasonably drew an adverse inference from Zheng's failure to provide the testimony of one of his siblings at the hearing.

The IJ also relied on Zheng's demeanor to support her adverse credibility finding, stating that Zheng often asked that questions be repeated and that this was clearly done to "buy time." The IJ noted that Zheng was especially hesitant when asked about the alleged marriage ceremony or the dates of events, and even more hesitant when asked about his statements at his credible fear interview and airport interview. These are findings to which we afford particular deference. *See Majidi*, 430 F.3d at 81 n. 1.

At least one ground of the adverse credibility finding was flawed. The IJ found that Zheng had made inconsistent statements regarding his marital status because Zheng indicated in his asylum application that he was single, but then testified during his merits hearing that he was married. This is not a fair characterization of Zheng's testimony, in which he clearly stated that he was not legally married, but that a wedding ceremony had nevertheless been held. Despite that flawed finding, however, remand is not required because we are confident that the agency would reach the same result upon a reconsideration cleansed of error. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006). Here, overwhelming evidence in the record makes it clear that the IJ would still find Zheng incredible on remand, given his demeanor, lack of corroboration, and inconsistent and implausible testimony.

Because the only evidence of a threat to Zheng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Zheng failed to present any independent evidence that he would be tortured if returned to China, the agency's denial of CAT relief was also proper. To the extent that Zheng claims that he will be tortured because he illegally left China, he has failed to adduce any particularized evidence in support of this claim. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160–61 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED.